IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED AL-QAHTANI, et al.,**  )<br>    *Petitioners*,  )<br>  )<br>v.  )<br>  )<br>  )<br>**GEORGE W. BUSH, et al.,**  )<br>    *Respondents*.  )<br>  ) | Civil Action No. 05-cv-1971 (RMC) |

### MOTION FOR EXTENSION OF TIME

Petitioner Mohammed Al Qahtani, by and through his undersigned counsel, respectfully submits this motion for an extension of time to file his opposition to Respondents' motion to examine privileged communications seized without notice or approval, filed on July 7, 2006. Petitioner requests an extension of time until August 7, 2006 to file his response.

### Introduction

On October 4, 2005, the undersigned counsel from the Center for Constitutional Rights ("CCR") filed a *habeas corpus* petition on behalf of Petitioner in the above-captioned case. Counsel has conducted attorney-client meetings during four visits at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo') between December 2005 and July 2006. During these meeting, Counsel gave Petitioner Al Qahtani privileged legal materials for his review.

On July 7, 2006, Respondents filed a motion relating to their seizure of petitioners' legal materials and sought the creation of a government "filter team" to review those materials. That motion was filed in nearly every Guantánamo detainee case, except those cases involving non-

enemy combatant detainees.  On July 21, 2006, Respondents withdrew their motion as to certain petitioners, but has persisted in requesting that a "filter team" review Petitioner Al Qahtani's seized materials.  Pursuant to Local Rule 7(b) and Rule 6(e) of the Federal Rules of Civil Procedure, petitioners' response to the motion is due on July 21, 2006.

**Argument**

Petitioner now files this motion for an extension of time to oppose Respondents motion.  This is the first request for an extension of time by Petitioner.  An extension of time is appropriate here for three reasons.

First, Petitioner seeks additional time to consult with counsel during a previously scheduled attorney-client meeting the week of July 22-30, 2006.  This consultation is required to assess the extent of Respondents' violation of the attorney-client privilege and whether there is any colorable basis for Respondents' claim that Petitioner Al Qahtani may have been involved in a "plot" to assist other detainees in taking their lives.  Additional time is also required for Petitioner to discuss with his counsel whether to file any cross-motions, including possible motions for sanctions, directed to Respondents' indisputable violation of the attorney-client privilege.

Second, on July 14, 2006, Chief Judge Hogan referred this case to Magistrate Judge Kay for purposes of mediating a resolution of the issues raised in Respondents' motion.  Chief Judge Hogan also directed Magistrate Judge Kay to report back to him on the status of the mediation by July 24, 2006.  A mediation session was held with Magistrate Judge Kay on July 19, 2006, in Washington, D.C.  While the pending mediation does not stay petitioners' time to file their opposition to Respondents' motion, the parties may, through mediation, be able to eliminate or

narrow certain of the many disputed issues raised by Respondents' motion. In such event, the need for briefing before this Court could be obviated or limited.

  Third, Respondents cannot show that they would be prejudiced by an order granting this motion for extension of time. Respondents have stated that they would like to resolve this matter quickly – a concern shared by counsel for Petitioner – and have indicated previously that they would oppose requests for extensions of time into August. However, all of the detainees' legal materials are currently in the possession, custody and control of Respondents, and although this Court may properly decide to transfer the custody of those materials to the Court or Petitioner's counsel, there is no risk under any of these scenarios that any purported evidence would be destroyed or lost. Moreover, we note that Respondents waited approximately one month after the deaths of three Guantánamo detainees (on June 10, 2006), which allegedly precipitated their seizure of nearly all detainees' legal materials (on or about June 14, 2006), before filing their motion or otherwise notifying counsel and the Court of their unlawful actions. Under these circumstances, an extension of time of slightly more than two weeks plainly would not cause Respondents any undue burden or otherwise interfere with their investigation at Guantánamo.

**Conclusion**

For these reasons, Petitioner respectfully request that the Court grant this motion and permit him to file his opposition by August 7, 2006.[1]

Dated:   New York, New York
         July 21, 2006

                                               Respectfully submitted,

                                               Counsel for Petitioners:

                                               /s/_____
                                             Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                                             CENTER FOR CONSTITUTIONAL RIGHTS
                                             666 Broadway, 7th Floor
                                             New York, New York 10012
                                             Tel:  (212) 614-6485
                                             Fax:  (212) 614-6499

---

[1] Alternatively, if the Court denies this motion for an extension of time, Petitioner respectfully moves to adopt and incorporate herein by reference as his opposition to Respondents' motion and his motion for sanctions and interim relief the *Memorandum of Points and Authorities in Opposition to Defendants-Respondents' Motion for Procedures Related to Review of Certain Detainee Materials and in Support of Plaintiffs-Petitioners' Motion for Sanctions and Interim Relief* filed by the petitioners in *Al Odah, et al., v. United States of America, et al.*, Civil Action No. 02-0828 (CKK), filed on July 21, 2006.

- 4 -