IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) |
| DETAINEE LITIGATION | ) Civil Action No. 05-CV-2367 |
| | ) (RWR) |

## **STATUS REPORT**

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)      Mohammad Rahim, a national of Afghanistan, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 1104.

2)      The Protective Order has been entered in this case.

3)      The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4)      A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)      The petitioner filed this petition for a writ of habeas corpus on 12/9/2005. The respondent has filed the CSRT record, styled as a "factual return," in this case.

Dated: July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


 /S/ Judry Subar
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action No. 05-CV-2371 (RCL) |
| | ) | |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)    Ahmad Mohammed Al Darbi, a national of Saudi Arabia, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 768.

2)    The Protective Order has been entered in this case.

3)    The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4)    A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The petitioner has been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)    The petitioner filed this petition for a writ of habeas corpus on 12/12/2005. The respondent has not filed the CSRT record, styled as a "factual return," in this case.

Dated:  July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/S/ Judry Subar

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action Nos. 05-CV-2378 (JDB); |
| | ) | 05-CV-2386 (RBW) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)    Abdul Hamid Abdul Salam Al-Ghizzawi, a national of Libya, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 654. This petitioner appears in more than one petition pending before this Court, as captioned above.[1] The respondents submit that the first petition filed is operative, and thus all later-filed petitions should be dismissed in accordance with the Joint Status Report filed with this Court.

2)    The Protective Order has been entered in this case.

3)    The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4)    A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The

---

[1] Petitioner is identified as Abin Alhamed Abid Alsallam Alkesawi in the petition filed in *Mohammon v. Bush*, No. 05-cv-2386 (RBW).

petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

     5)    The petitioner filed this petition for a writ of habeas corpus on 12/12/2005. The respondent has filed the CSRT record, styled as a "factual return," in this case.

Dated: July 18, 2008                      Respectfully Submitted,

                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JOHN C. O'QUINN
                                          Deputy Assistant Attorney General

                                          /s/ Judry Subar
                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                          JUDRY L. SUBAR
                                          TERRY M. HENRY
                                          ANDREW I. WARDEN
                                          PAUL E. AHERN
                                          Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Avenue N.W.
                                          Washington, DC  20530
                                          Tel:  (202) 514-3755
                                          Fax:  (202) 616-8470

                                          Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action Nos. 05-CV-2379 (JR); |
| | ) | 05-CV-2385 (RMU) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned

counsel for the respondents states the following status of this case:

1)      Adham Mohammed Ali Awad, a national of Yemen, is the detainee-petitioner in

this habeas corpus case.  The petitioner is currently detained by the Armed Forces of the United

States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 88.  This

petitioner appears in more than one petition pending before this Court, as captioned above.[1]  The

respondents submit that the first petition filed is operative, and thus all later-filed petitions

should be dismissed in accordance with the Joint Status Report filed with this Court.

2)      The Protective Order has been entered in this case.

3)      The detainee has directly authorized this petition.

4)      A Combatant Status Review Tribunal ("CSRT") convened by the Department of

Defense determined the petitioner to be an enemy combatant.  The petitioner has not been

approved for release or transfer from Guantanamo Bay by the Department of Defense.  The

petitioner has not been charged with crimes triable by military commission under the Military

Commissions Act of 2006.

5)      The petitioner filed this petition for a writ of habeas corpus on 12/12/2005.  The

respondent has not filed the CSRT record, styled as a "factual return," in this case.  On April 5,

2007 (dkt. no. 48, No. 05-CV-2379 (JR)), the Court dismissed the petition for lack of

---

[1] Petitioner is identified as Waqas Mohammed Ali Awad in the petition filed in *Al Halmandy v. Bush*, No. 05-cv-2385 (RMU).

jurisdiction. Petitioner appealed, and on July 10, 2008, the Court of Appeals vacated the order of dismissal and remanded the case to this Court. *Awad v. Bush.*, No. 07-5147 (D.C. Cir. July 10, 2008).

Dated: July 18, 2008                    Respectfully Submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Assistant Attorney General


                                        /s/ Judry Subar
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR
                                        TERRY M. HENRY
                                        ANDREW I. WARDEN
                                        PAUL E. AHERN
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-3755
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action Nos. 05-CV-2380 |
| | ) | (CKK); 05-CV-2385 (RMU); |
| | ) | 05-CV-2386 (RBW) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)      Zakaria Al-Baidany, a national of Yemen, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 1017. This petitioner appears in more than one petition pending before this Court, as captioned above. The respondents submit that the first petition filed is operative, and thus all later-filed petitions should be dismissed in accordance with the Joint Status Report filed with this Court.

2)      The Protective Order has been entered in this case.

3)      The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4)      A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by an

Administrative Review Board. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

     5)     The petitioner filed this petition for a writ of habeas corpus on 12/12/2005. The respondent has not filed the CSRT record, styled as a "factual return," in this case.


Dated: July 18, 2008          Respectfully Submitted,

                    GREGORY G. KATSAS
                    Assistant Attorney General

                    JOHN C. O'QUINN
                    Deputy Assistant Attorney General


                    /s/ Judry L. Subar
                    JOSEPH H. HUNT (D.C. Bar No. 431134)
                    VINCENT M. GARVEY (D.C. Bar No. 127191)
                    JUDRY L. SUBAR
                    TERRY M. HENRY
                    ANDREW I. WARDEN
                    PAUL E. AHERN
                    Attorneys
                    United States Department of Justice
                    Civil Division, Federal Programs Branch
                    20 Massachusetts Avenue N.W.
                    Washington, DC 20530
                    Tel: (202) 514-3755
                    Fax: (202) 616-8470

                    Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | )   Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) |
| DETAINEE LITIGATION | )   Civil Action Nos. 05-CV-2384 |
| | )   (RWR); 05-CV-2386 (RMU) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order,

undersigned counsel for the respondents states the following status of this case:

1)    Saad Al Qahtaani, a national of Saudi Arabia, is the detainee-petitioner in

this habeas corpus case.  The petitioner is currently detained by the Armed Forces of the

United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number

200.  This petitioner appears in more than one petition pending before this Court, as

captioned above.  The respondents submit that the first petition filed is operative, and

thus all later-filed petitions should be dismissed in accordance with the Joint Status

Report filed with this Court.

2)    The Protective Order has been entered in this case.

3)    The detainee is represented in this petition by a next friend.  The

Protective Order was entered in this case, so counsel has had the opportunity to visit the

petitioner and receive direct authorization to pursue the action.  Because such

authorization has not been filed, however, it is unknown whether the petitioner consents

to this matter proceeding.  Counsel should be required to demonstrate direct authorization

from the petitioner before merits-related matters are scheduled in this case.

4)    A Combatant Status Review Tribunal ("CSRT") convened by the

Department of Defense determined the petitioner to be an enemy combatant.  The

petitioner has not been approved for release or transfer from Guantanamo Bay by the

Department of Defense. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

     5)     The petitioner filed this petition for a writ of habeas corpus on 12/13/2005. The respondent has filed the CSRT record, styled as a "factual return," in this case.

Dated: July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /S/ Judry Subar
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action Nos. 05-CV-2384 |
| | ) | (RWR) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1) Mohammed Zahrani, a national of Saudi Arabia, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 713.

2) The Protective Order has been entered in this case.

3) The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4) A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)      The petitioner filed this petition for a writ of habeas corpus on 12/13/2005.

The respondent has not filed the CSRT record, styled as a "factual return," for this

petitoner.


Dated: July 18, 2008                    Respectfully Submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Assistant Attorney General


                                         /S/ Judry Subar_____
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR
                                        TERRY M. HENRY
                                        ANDREW I. WARDEN
                                        PAUL E. AHERN
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-3755
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 05-CV-2385 (RMU) |

### RESPONDENTS' STATUS REPORT AND
### RESPONSE TO COURT'S JULY 11, 2008 ORDER

Respondents hereby submit this status report and response to the Court's July 11, 2008

Order.

### BACKGROUND

In late 2005, when enactment of Congressional legislation withdrawing the habeas

jurisdiction of the federal courts to hear actions brought by or on behalf of aliens detained at

Guantanamo Bay became imminent, a surge of petitions for writ of habeas corpus on behalf of

Guantanamo detainees were filed in the district court. The above-captioned habeas action, filed

on December 13, 2005, is one of these petitions. Unlike the majority of pending Guantanamo

detainee habeas cases filed on behalf of only one or a few detainees, however, counsel elected to

file this case on behalf of 63 named petitioners, typically unrelated except by virtue of alleged

detention at Guantanamo Bay.

As explained below, the petitioners in this case fall into four distinct categories: 1)

petitioners whom respondents have not been able to identify as detainees at Guantanamo Bay; 2)

petitioners who are currently detained at Guantanamo Bay and who have previously-filed

petitions for writ of habeas corpus pending on their behalf; 3) petitioners who have been

transferred from the custody of the United States and are no longer detained at Guantanamo Bay;

and 4) petitioners whom respondents have identified as current detainees at Guantanamo Bay and who do not have previously-filed petitions pending on their behalf.

## STATUS OF PETITIONERS

1.    **Petitioners Whom Respondents Have Been Unable to Identify as Detainees at Guantanamo Bay.**

Respondents have been unable to identify 34 petitioners in this case as current or former detainees at Guantanamo Bay. A list of these petitioners is included in the chart attached hereto as Exhibit A (listing petitioners in Case No. 08-MC-442 whom respondents cannot identify) Given the similar names and aliases of many of the approximately 270 individuals detained at Guantanamo Bay, and based on the minimal information about these petitioners provided in the petition, respondents have been unable to confirm the identities of these petitioners. In some cases, the information provided in the petition did not match or resemble information pertaining to any detainee at Guantanamo Bay. In other cases, the information provided in the petition matched or resembled information contained in respondents' records that pertains to multiple detainees; therefore, respondents were unable to determine conclusively on whose behalf habeas relief is purportedly being sought. Counsel for respondents and petitioners are in the process of conferring to resolve the identity situation for these petitioners.

2.    **Petitioners Who Are Currently Detained At Guantanamo Bay And Who Have Previously-Filed Petitions for Writ of Habeas Corpus Pending On Their Behalf In District Court.**

Of the petitioners in this case whom respondents have been able to identify as detainees currently detained at Guantanamo Bay, approximately 16 have previously-filed habeas corpus petitions pending on their behalf or have chosen to pursue habeas relief in a later-filed case.

2

000256

These duplicate petitions are either pending in other habeas cases in the District Court, or in the above-captioned case, *i.e.*, one detainee is named multiple times in the *Halmandy* petition. Pursuant to the Court's July 11, 2008 Order directing the parties to submit a joint status report on July 21, 2008, identifying all duplicate petitions that were filed on behalf of a single individual in the coordinated cases in Misc. No. 08-MC-442, counsel for respondents and petitioners will report on the status of the duplicate petitioners in the joint report.

> 3.    **Petitioners Who Have Been Transferred from the Custody of the United States and Are No Longer Detained at Guantanamo Bay**

Of the petitioners whom respondents have been able to identify, 10 have been transferred from the custody of the United States and are no longer detained at Guantanamo Bay. A list of these petitioners is included in the chart attached hereto as Exhibit B (listing petitioners in Case No. 08-MC-442 who are no longer detained at Guantanamo Bay and noting existence of duplicate petition, if any). Because these petitioners are no longer within the custody of the United States, the petitions for writ of habeas corpus filed on their behalf are moot and should, therefore, be dismissed.[1]

> 4.    **Petitioners Whom Respondents Have Identified as Detainees at Guantanamo Bay and Who Do Not Have Apparent Previously-Filed Petitions Pending on Their Behalf in District Court**

Of the petitioners whom respondents have been able to identify, 4 are currently detained at Guantanamo Bay and do not have duplicate petitions pending on their behalf. A list of these petitioners is below:

---

[1] Additionally, those petitioners noted on the chart as having a duplicate, earlier-filed habeas petition pending on their behalf in another case should be dismissed from this case.

000257

|    | Petitioner | ISN | Petition Citation | Nationality |
|----|------------|-----|-------------------|-------------|
| 1. | Sabry Mohammed | 570 | ¶ 55 | Yemen |
| 2. | Muhammed Saad Iqbal Madni | 743 | ¶ 18 | Pakistan |
| 3. | Saki Bacha[2] | 900 | ¶ 8 | Afghanistan |
| 4. | Mohammed Kameen[3] | 1045 | ¶ 7 | Afghanistan |

Combatant Status Review Tribunals ("CSRT") convened by the Department of Defense have determined that all of the petitioners listed in the above table are enemy combatants. Two of the petitioners have been charged with crimes triable by military commission under the Military Commissions Act of 2006. None of the petitioners have been approved for release or transfer from Guantanamo Bay by the Department of Defense.

Respondents note that the petition in this case does not allege that it was authorized by the petitioners seeking relief, but was instead filed purportedly on petitioners' behalf by an attorney seeking to anoint herself as the "next friend" for all 63 petitioners. *See* Petition For Writ Of Habeas Corpus (dkt. no. 1), Declaration of Barbara Olshansky. Because direct authorizations to pursue this action have not been filed with the Court, it is unknown whether the petitioners consent to this matter proceeding. Counsel should be required to demonstrate direct authorizations from the petitioners before merits-related proceedings are scheduled in this case. Respondents reserve the right to challenge such authorizations as well as the legal basis for Ms.

---

[2] Petitioner Bacha has been charged with crimes triable by military commission under the Military Commissions Act of 2006. *See* http://www.defenselink.mil/news/commissionsmohammed1.html.

[3] Petitioner Kameen has been charged with crimes triable by military commission under the Military Commissions Act of 2006. *See* http://www.defenselink.mil/news/commissionsKamin.html.

4

000258

Olshansky to act as a next friend in this matter. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149

(1990); *John Does 1-570 v. Bush*, 2006 WL 3096685 (D.D.C. Oct. 31, 2006).

Dated: July 18, 2008                    Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Assistant Attorney General

                                        ____/s/ Judry Subar_____
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR
                                        TERRY M. HENRY
                                        ANDREW I. WARDEN
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents

000259

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action No. 05-CV-2386 (RBW) |

## RESPONDENTS' STATUS REPORT AND
## RESPONSE TO COURT'S JULY 11, 2008 ORDER

Respondents hereby submit this status report and response to the Court's July 11, 2008

Order.

## BACKGROUND

In late 2005, when enactment of Congressional legislation withdrawing the habeas

jurisdiction of the federal courts to hear actions brought by or on behalf of aliens detained at

Guantanamo Bay became imminent, a surge of petitions for writ of habeas corpus on behalf of

Guantanamo detainees were filed in the district court.  The above-captioned habeas action, filed

on December 13, 2005, is one of these petitions.  Unlike the majority of pending Guantanamo

detainee habeas cases filed on behalf of only one or a few detainees, however, counsel elected to

file this case on behalf of 168 named petitioners, typically unrelated except by virtue of alleged

detention at Guantanamo Bay.

As explained below, the petitioners in this case fall into four distinct categories: 1)

petitioners whom respondents have not been able to identify as detainees at Guantanamo Bay; 2)

petitioners who are currently detained at Guantanamo Bay and who have previously-filed

petitions for writ of habeas corpus pending on their behalf; 3) petitioners who have been

transferred from the custody of the United States and are no longer detained at Guantanamo Bay;

and 4) petitioners whom respondents have identified as current detainees at Guantanamo Bay and

who do not have previously-filed petitions pending on their behalf.

## STATUS OF PETITIONERS

1.    **Petitioners Whom Respondents Have Been Unable to Identify as Detainees at Guantanamo Bay.**

Respondents have been unable to identify 51 petitioners in this case as current or former

detainees at Guantanamo Bay.  A list of these petitioners is included in the chart attached hereto

as Exhibit A (listing petitioners in Case No. 08-MC-442 whom respondents cannot identify)

Given the similar names and aliases of many of the approximately 270 individuals detained at

Guantanamo Bay, and based on the minimal information about these petitioners provided in the

petition, respondents have been unable to confirm the identities of these petitioners.  In some

cases, the information provided in the petition did not match or resemble information pertaining

to any detainee at Guantanamo Bay.  In other cases, the information provided in the petition

matched or resembled information contained in respondents' records that pertains to multiple

detainees; therefore, respondents were unable to determine conclusively on whose behalf habeas

relief is purportedly being sought.  To address this problem, on June 27, 2006, the Court ordered

respondents to "notify the Court by July 26, 2006, of all petitioners named in this case whom

they are unable to identify," and noted that "[a]ny petitioner whom the respondents indicate they

are unable to identify shall have the opportunity to challenge the respondents' assertion that he

cannot be identified." *See* dkt. No. 66.  On July 26, 2006, pursuant to the Court's Order,

respondents filed a status report notifying the Court of all petitioners in this case who (1) have

previously-filed petitions for a writ of habeas corpus already pending on their behalf in other

2

000261

cases; and (2) have not been identified by respondents. *See* dkt. no. 109. Since the filing of that

status report nearly two years ago, respondents have been able to identify some petitioners in this

case based on additional information provided by petitioners' counsel. However, at present, 51

petitioners have not been identified. Because petitioners have been on notice for nearly two

years that respondents have not been able to identify these petitioners as Guantanamo Bay

detainees, and petitioners have not provided additional information to resolve the identity

situation, these 51 petitioners should be dismissed from this case.

> **2.    Petitioners Who Are Currently Detained At Guantanamo Bay And Who Have Previously-Filed Petitions for Writ of Habeas Corpus Pending On Their Behalf In District Court.**

Of the petitioners in this case whom respondents have been able to identify as detainees

currently detained at Guantanamo Bay, approximately 47 have previously-filed habeas corpus

petitions pending on their behalf or have chosen to pursue habeas relief in a later-filed case.

These duplicate petitions are either pending in other habeas cases in the District Court, or in the

above-captioned case, *i.e.*, one detainee is named multiple times in the *Mohammon* petition.

Pursuant to the Court's July 11, 2008 Order directing the parties to submit a joint status report on

July 21, 2008, identifying all duplicate petitions that were filed on behalf of a single individual in

the coordinated cases in Misc. No. 08-MC-442, counsel for respondents and petitioners will

report on the status of the duplicate petitioners in the joint report.

> **3.    Petitioners Who Have Been Transferred from the Custody of the United States and Are No Longer Detained at Guantanamo Bay**

Of the petitioners whom respondents have been able to identify, 41 have been transferred

from the custody of the United States and are no longer detained at Guantanamo Bay. A list of

3

these petitioners is included in the chart attached hereto as Exhibit B (listing petitioners in Case

No. 08-MC-442 who are no longer detained at Guantanamo Bay and noting existence of

duplicate petition, if any).  Because these petitioners are no longer within the custody of the

United States, the petitions for writ of habeas corpus filed on their behalf are moot and should,

therefore, be dismissed.[1]

> **4.**    **Petitioners Whom Respondents Have Identified as Detainees at Guantanamo Bay and Who Do Not Have Apparent Previously-Filed Petitions Pending on Their Behalf in District Court**

Of the petitioners whom respondents have been able to identify, 30 are currently detained

at Guantanamo Bay and do not have duplicate petitions pending on their behalf.  A list of these

petitioners is below:[2]

|    | Petitioner | ISN | Petition Citation | Nationality | Special Status |
|----|------------|-----|-------------------|-------------|----------------|
| 1. | Ahmed Omar | 30 | ¶ 318 | Yemen | |
| 2. | Alkhadr Abdullah Al Yafie | 34 | ¶ 266 | Yemen | Approved for release/transfer |
| 3. | Edress LNU | 35 | ¶ 107 | Yemen | |
| 4. | Saif Ullah | 46 | ¶ 146 | Tunisia | Approved for release/transfer |
| 5. | Mohammed Al Palestini | 49 | ¶ 15 | Palestine | Approved for release/transfer |
| 6. | Abd Al Zaher | 89 | ¶ 25 | Azerbaijan | |

---

[1] Additionally, those petitioners noted on the chart as having a duplicate, earlier-filed habeas petition pending on their behalf in another case should be dismissed from this case.

[2] Respondents note that the petitions of the two Uighur petitioners listed below – Abdurahman LNU and Adel LNU – have been consolidated with other Uighur petitions before Judge Urbina. *See* Order, 08-MC-442 (dkt. no. 44).

000263

| | Petitioner | ISN | Petition Citation | Nationality | Special Status |
|---|---|---|---|---|---|
| 7. | Adil LNU | 148 | ¶ 150 | Tunisia | Approved for release/transfer |
| 8. | Sharaf Al Sanani | 170 | ¶ 109 | Yemen | |
| 9. | Abdul-Rahman Abdo Abdulghaith Sulaiman | 223 | ¶ 250 | Yemen | |
| 10. | Abdullah Bo Omer Hamza Yoyej | 257 | ¶ 246 | Tajikistan | |
| 11. | Abdurahman LNU | 281 | ¶ 230 | China (Uighur) | Approved for release/transfer |
| 12. | Abu Rawda | 326 | ¶ 214 | Syria | |
| 13. | Bilal LNU | 330 | ¶ 144 | Syria | |
| 14. | Mustafa Al Shamili | 434 | ¶ 95 | Yemen | |
| 15. | Abdurahman LNU | 441 | ¶ 160 | Yemen | |
| 16. | Jabbarov Oybek Jamolovich | 452 | ¶ 330 | Algeria | Approved for release/transfer |
| 17. | Ali LNU | 455 | ¶ 156 | Uzbekistan | Approved for release/transfer |
| 18. | Mohammed Ahmed Saeed Hidar | 498 | ¶ 260 | Yemen | |
| 19. | Maher El Falesteny | 519 | ¶ 119 | Palestine | Approved for release/transfer |
| 20. | Adel LNU | 584 | ¶ 232 | China (Uighur) | Approved for release/transfer |
| 21. | Mohammed Abdullah Taha Mattan | 684 | ¶ 13 | Palestine | |
| 22. | Abdal Razak Ali | 685 | ¶ 288 | Libya | |
| 23. | Abdulaziz LNU | 687 | ¶ 168 | Saudi Arabia | |
| 24. | Mohammed Ahmed Slam Al-Khateeb | 689 | ¶ 252 | Saudi Arabia | |

000264

|     | Petitioner | ISN | Petition Citation | Nationality | Special Status |
|-----|-----------|-----|-------------------|-------------|----------------|
| 25. | Samir LNU | 707 | ¶ 73 | Sudan | |
| 26. | Jamil Ahmad Saeed | 728 | ¶ 256 | Yemen | |
| 27. | Abdul Aziz Naji | 744 | ¶ 270 | Algeria | |
| 28. | Tofiq Nasser Awadh Al Bihani | 893 | ¶ 262 | Yemen | |
| 29. | Sanad Ali Alkaliemi | 1453 | ¶ 172 | Yemen | |
| 30. | Shargowi LNU | 1457 | ¶ 170 | Yemen | |

Combatant Status Review Tribunals ("CSRT") convened by the Department of Defense have determined that all of the petitioners listed in the above table are enemy combatants. None of the petitioners have been charged with crimes triable by military commission under the Military Commissions Act of 2006. Nine of the petitioners have been approved for release or transfer from Guantanamo Bay by the Department of Defense.

Pursuant to the Court's June 27, 2006 Order, the Court has entered the Protective Order with respect to above-listed petitioners. *See* June 27, 2006 Order at 5. Even though the Protective Order is entered with regard to these petitioners, thereby allowing their counsel to have the opportunity to have privileged access to them, the petitioners are nonetheless represented in the petition by a next friend. Because direct authorizations to pursue this action have not been filed with the Court, it is unknown whether the petitioners consent to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioners before merits-related proceedings are scheduled in this case.

6

000265

Dated: July 18, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

        /s/ Judry Subar
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

7

000266

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                          )
                                                )
                                                )    Misc. No. 08-442 (TFH)
GUANTANAMO BAY                                  )
DETAINEE LITIGATION                             )    Civil Action No. 05-CV-2387 (RMC)
                                                )

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned

counsel for the respondents states the following status of this case:

1)     Jobran Saad Al-Quhtani, a national of Saudi Arabia, is the detainee-petitioner in

this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United

States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 696.

2)     The Protective Order has not been entered in this case.

3)     The detainee is represented in this petition by a next-friend. Petitioner's counsel

should be required to demonstrate direct authorization from the petitioner after the Protective

Order is entered.

4)     A Combatant Status Review Tribunal ("CSRT") convened by the Department of

Defense determined the petitioner to be an enemy combatant. The petitioner has not been

approved for release or transfer from Guantanamo Bay by the Department of Defense. The

petitioner has been charged with crimes triable by military commission under the Military

Commissions Act of 2006.

5)     The petitioner filed this petition for a writ of habeas corpus on 12/12/2005. On

May 10, 2007, the Court dismissed petitioner's petition for lack of subject matter jurisdiction

[dkt #23]. Petitioner has not filed a notice of appeal of that dismissal order or moved for

reconsideration of the dismissal order. Respondents do not oppose vacateur of the dismissal of

the petition.

6)    The respondents have not filed the CSRT record, styled as a "factual return," in this case.

Dated:  July 18, 2008                    Respectfully Submitted,

                                         GREGORY G. KATSAS
                                         Assistant Attorney General

                                         JOHN C. O'QUINN
                                         Deputy Assistant Attorney General


                                          /s/  Judry Subar
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         JUDRY L. SUBAR
                                         TERRY M. HENRY
                                         ANDREW I. WARDEN
                                         PAUL E. AHERN
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue N.W.
                                         Washington, DC  20530
                                         Tel:  (202) 514-3755
                                         Fax:  (202) 616-8470

                                         Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action No. 05-CV-2398 (ESH) |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)      Ali, a national of China, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 250.

2)      The Protective Order has been entered in this case.

3)      The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

4)      A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has been approved for release or transfer from Guantanamo Bay by an Administrative Review Board. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)      The petitioner filed this petition for a writ of habeas corpus on 12/14/2005. The respondent has filed the CSRT record, styled as a "factual return," in this case.

Dated:  July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/  Paul G. Freeborne
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents

000270

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action No. 05-CV-2398 (ESH) |
| | ) | |

## STATUS REPORT

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

    1)       Thabid, a national of China, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 289.

    2)       The Protective Order has been entered in this case.

    3)       The detainee is represented in this petition by a next friend. The Protective Order was entered in this case, so counsel has had the opportunity to visit the petitioner and receive direct authorization to pursue the action. Because such authorization has not been filed, however, it is unknown whether the petitioner consents to this matter proceeding. Counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.

    4)       A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has been approved for release or transfer from Guantanamo Bay by an Administrative Review Board. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

    5)       The petitioner filed this petition for a writ of habeas corpus on 12/14/2005. The respondent has filed the CSRT record, styled as a "factual return," in this case.

Dated:  July 18, 2008                    Respectfully Submitted,

                                         GREGORY G. KATSAS
                                         Assistant Attorney General

                                         JOHN C. O'QUINN
                                         Deputy Assistant Attorney General

                                         /s/  Judry L. Subar
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         JUDRY L. SUBAR
                                         TERRY M. HENRY
                                         ANDREW I. WARDEN
                                         PAUL E. AHERN
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue N.W.
                                         Washington, DC  20530
                                         Tel:  (202) 514-3755
                                         Fax:  (202) 616-8470

                                         Attorneys for Respondents

000272

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
|  | ) Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) |
| DETAINEE LITIGATION | ) Civil Action Nos. 05-CV-2479 (HHK); |
|  | ) 05-CV-2010 (JR) |

## **STATUS REPORT**

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1)      Ravil Mingaza Gamil, a national of Russia, is the detainee-petitioner in this habeas corpus case.  The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 702.  This petitioner appears in more than one petition pending before this Court, as captioned above.[1]  By minute order on January 11, 2007, the Court transferred the earlier-filed case, *Gamil v. Bush*, 05-cv-2010 (JR), and consolidated it into the later-filed case, *Al-Harbi v. Bush*, No. 05-cv-2479 (HHK).

2)      The Protective Order has been entered in this case.

3)      The detainee has directly authorized this petition.

4)      A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant.  The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense.  The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5)      The petitioner filed this petition for a writ of habeas corpus on December 28, 2005.  The respondent has not filed the CSRT record, styled as a "factual return," in this case.

---

[1] Petitioner is identified as Ravil Mingazov in the petition filed in *Al-Harbi v. Bush*, 05-cv-2479 (HHK).

Dated:  July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


/s/ Judry Subar
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents

000274

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>) |

Misc. No. 08-442 (TFH)

Civil Action No. 05-CV-2479 (HHK)

## **STATUS REPORT**

Pursuant to paragraph 1 of this Court's July 11, 2008 Scheduling Order, undersigned counsel for the respondents states the following status of this case:

1) Zainulabidin Merozhev, a national of Tajikistan, is the detainee-petitioner in this habeas corpus case. The petitioner is currently detained by the Armed Forces of the United States at Guantanamo Bay, Cuba, and is identified by Internment Serial Number 1095.

2) The Protective Order has been entered in this case.

3) The petitioner has provided a direct authorization of representation.

4) A Combatant Status Review Tribunal ("CSRT") convened by the Department of Defense determined the petitioner to be an enemy combatant. The petitioner has not been approved for release or transfer from Guantanamo Bay by the Department of Defense. The petitioner has not been charged with crimes triable by military commission under the Military Commissions Act of 2006.

5) The petitioner filed this petition for a writ of habeas corpus on 12/28/2005. The respondent has not filed the CSRT record, styled as a "factual return," in this case.

Dated: July 18, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

000275

_/s/ Judry Subar_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 514-3755
Fax:  (202) 616-8470

Attorneys for Respondents