UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED AL-QAHTANI, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-1971 (RMC) |
| BARACK H. OBAMA, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

**MEMORANDUM OPINION**

Mohammed Al-Qahtani ( "Petitioner"), a detainee at the United States Naval Station in Guantanamo Bay, Cuba, filed a petition for a writ of habeas corpus on October 10, 2005.[1]  Now before the Court is  Petitioner's motion to (1)  compel the Government's compliance with Section I.D.1 of the Amended Case Management Order; (2) strike the Government's January 30, 2009 filing; and (3) hold Respondents in contempt [Dkt. # 122].

Petitioner complains that the Government was slow in complying with Section I.D.1 of the Amended Case Management Order ("Amended CMO"),[2] which provides:

> The government shall disclose to the petitioner all reasonably
> available evidence in its possession that tends materially to

---

[1] Manea Ahmed Fahad Al-Qahtani filed the Petition as next friend of Mohammed Al-Qahtani.  Thus, the docket lists both as petitioners here.  Because Mohammed Al-Qahtani is the real party in interest, for ease of reference the Court will refer to him as the Petitioner, in the singular.

[2] The Amended CMO was filed December 12, 2008 [Dkt. # 123 in Misc. No. 08-442].  It modifies and clarifies the Case Management Order filed November 6, 2008 [Dkt. # 108 in Misc. No. 08-442].

>undermine the information presented to support the government's justification for detaining the petitioner. *See Boumediene [v. Bush*, 128 S. Ct. 2229, 2270 (2008)] (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding"). In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner. The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay. In cases in which the government already filed a factual return, disclosure of such exculpatory evidence shall occur within 14 days of the date of this Order. In all other cases, disclosure shall occur within 14 days of the date on which the government files the factual return. By the date on which disclosure is to occur under this paragraph, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

Amended CMO at 2.

While Petitioner originally sought to compel compliance with Section I.D.1, Petitioner now concedes that its motion to compel is moot, as the Government already has complied. "Petitioner acknowledges that the Government has certified its compliance with Section I.D.1, according to the Government's understanding of the scope of its disclosure obligation. Petitioner will raise his challenge to the Government's failure to satisfy the substance of its disclosure obligations under I.D.1 in a future motion to comply." Reply [Dkt. # 129] at 2 n.1. Petitioner, however, urges the Court to hold the Government in contempt due to its failure to comply with the time deadlines imposed by Section I.D.1.

Section I.D.1 requires that disclosure of exculpatory evidence shall occur within 14 days of the date of the Amended CMO where the government already had filed a factual return. In this case, the Government filed the factual return on October 29, 2008, and thus the

exculpatory evidence disclosure was due on December 30, 2008.  *See* Mot. to Compel [Dkt. # 122] at 6.  On that due date, the Government filed a notice of prior disclosure and a motion for extension of time [Dkt. # 96], seeking to extend the time to disclose exculpatory evidence to January 30, 2009.  The Government indicated that it believed it had substantially complied with its obligation under the Amended CMO, but that before it could certify that it had provided all exculpatory evidence, it needed more time to examine all information reviewed by the Government's attorneys in preparing the factual returns for all of the Guantanamo detainees, a time consuming task required by the Amended CMO.  Petitioner opposed the motion to extend *See* Opp'n [Dkt. # 108].  On January 30, 2008, the Government filed a supplemental notice indicating that it had identified some "arguably responsive documents" and that they would be released as soon as they finished the clearance process.  *See* Supp. Notice re Pet'r Al-Qahtani [Dkt. # 118] & Global Notice [Dkt. # 119].  The one outstanding document relating to this case was the portion of the classified Department of Justice ("DOJ") Inspector General Report pertaining to Petitioner.  *See* Gov't Opp'n [Dkt. # 126] at 8.  On February 13, 2009, the Government produced that document and filed a certification that it had disclosed all exculpatory evidence in compliance with the Amended CMO.  *See* Supp. Certification [Dkt. # 124].[3]

    Petitioner asks that the Court hold the Government in contempt due to its failure to certify that it had fully complied with the exculpatory evidence disclosure under the Amended

---

[3] The Government indicates that no additional exculpatory evidence was included in the portion of the classified DOJ Inspector General Report produced by the Government that was not disclosed in the unclassified factual return, already provided to Petitioner.  *See* Gov't Opp'n [Dkt. # 126] at 8 n.2 & 9 n.4.

CMO until February 13, 2008, when the certification was due on December 30, 2008.[4]  Civil contempt is an extraordinary sanction that should be imposed with caution.  *Joshi v. Prof'l Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (courts should exercise their inherent powers with restraint and discretion).  On a contempt motion, the moving party must show by clear and convincing evidence that the other party failed to comply with a court order.  *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000).

Petitioner has failed to meet its burden.  While the Government did not file its certification on December 30, 2008, as Petitioner argues, it did file a motion to extend time.  Because the December 12, 2008 Amended CMO required the Government to examine information reviewed by *all* of the Government's attorneys in preparing the factual returns for *all* of the Guantanamo detainees, the Government demonstrated good cause for its request for extension of time.

The habeas petition in this case was filed in 2005.  Obviously, there have been long delays due to the complicated procedural history of all of the Guantanamo habeas cases filed in this District.  The Court completely understands Petitioner's sense of urgency.  At this point, however, Petitioner's case is moving forward apace.  Petitioner has filed an extensive motion seeking discovery, and the parties have agreed to a briefing schedule whereby the Government's

---

[4] Petitioner also erroneously claims that the Government failed to confer with Petitioner prior to filing its January 30, 2009 motion for extension of time as required by LCvR 7.1(m). The Government sought to meet and confer with all counsel in the Guantanamo cases on December 24, 2008. Gov't Notice and Mot. for Extension [Dkt. # 96] at 8 n.2. Some counsel consented, some conditionally consented, and some opposed. *Id*. Petitioner's counsel in this case opposed, as reflected in his Memorandum in Opposition [Dkt. # 108].

response is due April 3, 2009 and Petitioner's reply is due April 13, 2009.  Accordingly, the Government's minor delay in filing its certificate of exculpatory evidence has actually caused little or no additional delay in this case.  Thus, Petitioner's motion to compel, to strike the Government's January 30, 2009 filing, and for contempt [Dkt. # 122] will be denied.  Also, the Government's motion to extend time [Dkt. # 96] will be granted nunc pro tunc to December 30, 2008.  A memorializing order accompanies this Memorandum Opinion.


DATE:  March 31, 2009                             _____/s/_____
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge