IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AL-QAHTANI,

    *Petitioner,*

    v.

DONALD J. TRUMP, *et al.,*

    *Respondents.*

Case No. 05-CV-1971 (RMC)

## NOTICE OF FILING OF SUPPLEMENTAL DECLARATION OF PSYCHIATRIC EXPERT DR. EMILY A. KERAM

Petitioner Mohammed al-Qahtani has submitted a *Motion to Compel Examination by a Mixed Medical Commission* (Dkt. 369, filed Aug. 8, 2017) to this Court. That Motion was supported by a report and two supplemental declarations from a forensic psychiatric expert, Dr. Emily A. Keram. *See* Report of Dr. Emily A. Keram (June 5, 2016) (Dkt. 369-1, Ex. C); Supplemental Declaration of Emily A. Keram, MD (July 12, 2016) (Dkt. 369-1, Ex. D); Supplemental Declaration of Emily A. Keram, M.D. (Dec. 2, 2016) (Dkt. 369-1, Ex. E). An additional supplemental declaration was filed with *Petitioner's Reply in Further Support of Motion to Compel Examination by a Mixed Medical Commission*. *See* Supplemental Declaration of Dr. Emily Keram in Response to Declaration of Senior Medical Officer, Joint Medical Group, JTF-GTMO (Sept. 12, 2017) (Dkt. 373, Ex. G).

Petitioner hereby submits an additional supplemental declaration from Dr. Keram, attached, in order to very briefly set forth an update on Petitioner's condition since the submission of the Reply Brief in support of the Motion.

1

Dated: April 16, 2017

                                                     Respectfully submitted,

                                                     _____/s/*Shayana Kadidal*_____

| | |
|---|---|
| Ramzi Kassem (pursuant to LCvR 83.2(g))<br>**Main Street Legal Services, Inc.**<br>City University of New York School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>(t) (718) 340-4558<br>(f) (718) 340-4478<br>(e) ramzi.kassem@law.cuny.edu | Shayana Kadidal (D.C. Bar No. 454248)<br>**Center for Constitutional Rights**<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>(t) (212) 614-6438<br>(f) (212) 614-6499<br>(e) kadidal@ccrjustice.org |
| Lawrence S. Lustberg<br>(pursuant to LCvR 83.2(g))<br>**Gibbons P.C.**<br>One Gateway Center<br>Newark, NJ 07102-5310<br>(t) (973) 596-4731<br>(f) (973) 639-6285<br>(e) LLustberg@gibbonslaw.com | Prof. Sandra Babcock<br>(pursuant to LCvR 83.2(g))<br>**International Human Rights Clinic**<br>Cornell University School of Law<br>158A Myron Taylor Hall<br>Ithaca, NY 14853<br>(t) (607) 255-5278<br>(f) 607) 255-7193<br>(e) slb348@cornell.edu |

*Counsel for Petitioner*

**SUPPLEMENTAL DECLARATION OF EMILY A. KERAM, M.D. REGARDING MOHAMMED AL QAHTANI**

Pursuant to 28 U.S.C. § 1746, I certify that the following is true and correct to the best of my knowledge:

1. Mr. al Qahtani and I last reviewed his psychiatric symptoms during an unsecure phone call on December 18, 2017. (The Privilege Review Team monitored the call, conducting classification review in real time.)

2. Mr. al Qahtani reported symptoms of Posttraumatic Stress Disorder (PTSD) including painful and unwanted intrusive thoughts, images, and memories, as well as nightmares. He explained, "Sleep is such an issue for me. I see frightening things in my sleep. I try to forget these things but when I sleep I see things I went through, the torture I experienced."

3. Mr. al Qahtani attempts to avoid trauma-related thoughts and feelings. He endorsed negative affect (depression), decreased interest in activities, and isolation. He stated, "I tend to stay alone these days." He had not gone outside is some time. He explained, "It makes me sad to go outside and walk in this terrible place. It's a place without love."

4. Mr. al Qahtani has difficulty experiencing positive feelings. He feels anxious and irritable.

5. Mr. al Qahtani has insomnia, impaired concentration and memory, hypervigilance, and exaggerated startle response. Additionally, he experiences hopelessness.

6. Although he denied suicidal ideation, intent, or plan, it was difficult for him to respond to questions about his desire to stay alive. He clearly ties this desire to the possibility to his future prospects. He explained, "I wish that I can build a life and a family and a future."

7. During our December 2017 phone call I asked Mr. al Qahtani about his contemporaneous mental health treatment with Joint Medical Group (JMG) clinicians. Mr. al Qahtani reported that JMG psychiatrists continued to change every 3 to 6 months. He sees them once a week to once a month with the frequency determined by the different psychiatrists. Each visit lasts approximately one hour.

8. I have asked Mr. al Qahtani's attorneys to share their observations of his mental health during their visits. In November 2017, Mr. al Qahtani's attorney described Mr. al Qahtani as restless. He muttered to himself and lost eye contact. Mr. al Qahtani stated that indefinite confinement caused him to feel under pressure so that he couldn't think.

9. From a February 2018 visit, Mr. al Qahtani's attorney described him as appearing to have lost weight. When asked, Mr. al Qahtani explained that personnel no longer tell detainees their weight. Mr. al Qahtani stated, "I'm not improving. I'm getting worse." He described daily episodes during which he screams, speaks to himself, and cries uncontrollably. He

reported that the Commander of the Joint Detention Group meets with the other detainees to enlist their help in looking after him.

10. During a March 2018 phone call, Mr. al Qahtani told his attorney that he had not improved since their February visit. He was taking two medications but could not recall their names. The medications were prescribed to help calm him, improve focus, and reduce insomnia. It appears that, consistent with his diagnosis of schizophrenia, one of the medications was likely an antipsychotic. Antipsychotics are used to address delusional thinking and hallucinations, symptoms of schizophrenia. Mr. al Qahtani reported that medications were prescribed to help him forget about "ghosts." Some people from Mr. al Qahtani's culture believe that delusional thinking and hallucinations are caused by "ghosts" or "djinns." Mr. al Qahtani reported that the medications were not very effective.

11. On the March 2018 call with his attorney, Mr. al Qahtani reported symptoms consistent with PTSD and Schizophrenia. As is the case for many patients suffering posttraumatic nightmares, Mr. al Qahtani noted he was afraid to sleep. He was experiencing insomnia. He had visions of being chased by ghosts during the day. At times he found himself screaming. He felt that he couldn't talk to people. "Those who see me would say I'm crazy."

12. During that phone call, Mr. al Qahtani exhibited increasingly impaired concentration. His attorney observed that Mr. al Qahtani episodically lost the thread of their conversation. He asked the attorney to repeat himself throughout their discussion.

13. Mr. al Qahtani told his attorney that JMG clinicians continued to see him but couldn't really care for him. "They just talk to you."

14. As described in my previous declarations, Mr. al Qahtani has still not been offered effective evidence-based psychotherapy for PTSD recommended in United States Departments of Defense (DoD) and Veterans Affairs (VA) PTSD treatment guidelines. For example, he denied being offered Prolonged Exposure Therapy, Imagery Rehearsal Therapy for Nightmares, or Cognitive-Behavioral Therapy for Insomnia. He has also not been taught skills that are helpful for managing anxiety and autonomic arousal symptoms such as progressive relaxation, mindfulness, grounding, and breathing. These skills are routinely taught to PTSD patients who are cared for by US DoD and VA clinicians.

15. Mr. al Qahtani is prescribed psychotropic medications. During our phone call and in discussion with his attorneys, he has been unable to remember the names of medications he has tried most recently. He reported trials of different medications which are discontinued secondary to adverse effects. At times he self-discontinues medications that he does not feel are helpful. I note that in 2017, JMG clinicians prescribed Haldol, an antipsychotic, and Zoloft, a medication for insomnia. This is consistent with his diagnosis of Schizophrenia.

16. It remains my opinion that Mr. al Qahtani is suffering from PTSD. As noted in my previous declarations, he is also diagnosed with schizophrenia, a chronic, severe psychotic illness. During our phone call Mr. al Qahtani reported ongoing auditory hallucinations. During his March 2018 phone call with his attorney, Mr. al Qahtani reported similar psychotic symptoms.

17. Based on the above, it is my opinion that Mr. al Qahtani's symptoms of PTSD and Schizophrenia have not improved from the time I first evaluated him in May 2015. As set forth in my June 2016 report and December 2016 supplemental declaration to this Court, as well as my July 2016 declaration to the Periodic Review Board, it remains my opinion that Mr. al Qahtani's symptoms of PTSD and Schizophrenia are chronic and are worsening. These symptoms will therefore continue beyond one year, will probably continue to worsen, and will be present throughout his lifetime. Goals of appropriate treatment are symptom management, not cure. Please refer to these documents for the bases of these opinions.

18. It remains my opinion that it is not possible for Mr. al Qahtani to receive appropriate treatment from the JMG-Guantanamo. The bases for this opinion are discussed in my July 2016 supplemental declaration to the Periodic Review Board and my December 2016 supplemental declaration to this Court.

19. As per the analyses set forth in my report and supplemental declarations listed above, it remains my opinion that Mr. al Qahtani's diagnoses of PTSD and Schizophrenia render him unable to join or return to any battlefield; psychiatric assessment of future threat places him at low risk for future dangerousness.

20. As per the analysis set forth in my previous report and declarations, it remains my opinion that, despite their clinical competence and desire, JMG clinicians are unable to provide appropriate treatment to Mr. al Qahtani for his diagnoses of PTSD and Schizophrenia. As previously set out, it remains my opinion that Mr. al Qahtani would receive appropriate treatment for these diagnoses were he to be repatriated to the Kingdom of Saudi Arabia, where his family resides.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of April 2018.

*[signature]*

EMILY A. KERAM, M.D.
1160 N. Dutton Avenue, Suite 255
Santa Rosa, CA 95401

3