UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MOHAMMED AL-QAHTANI,                )
                                    )
    Petitioner,                     )
                                    )
    v.                              )    Civil Action No. 05-1971 (ESH)
                                    )
DONALD J. TRUMP, *et al.*,          )
                                    )
    Respondents.                    )
_____ )

**MEMORANDUM OPINION AND ORDER**

On March 6, 2020, Judge Rosemary M. Collyer granted Petitioner Mohammed al-Qahtani's motion for an examination by a Mixed Medical Commission pursuant to Army Regulation 190-8, Section 3-12, which deals with the repatriation of sick and wounded prisoners. Dept. of the Army, Army Reg. 190-8, Enemy Prisoners of War, Retained Personnel, Civilian Internees, and Other Detainees, ch.3, § 12 (Oct. 1, 1997). Respondents appealed that decision and moved for a stay of Judge Collyer's Order pending appeal and clarification of the relief granted. *See* Resp'ts' Mot. for Clarification and Stay Pending Appeal of the Court's March 6, 2020 Order [Dkt. 389]. The motion is now ripe for review.[1] The case was reassigned to the undersigned after Judge Collyer's retirement. For the following reasons, the Court will grant Respondents' motion for clarification and deny the request to stay pending appeal.[2]

---

[1] Pet'r's Opp'n to Resp'ts' Mot. for Clarification and Stay Pending Appeal of the Ct.'s March 6, 2020 Order (Opp'n) [Dkt. 393]; Reply in Supp. of Resp'ts' Mot. for Clarification and Stay Pending Appeal of the Ct.'s March 6, 2020 Order [Dkt. 395].

[2] For a detailed factual background of the case, *see* Judge Collyer's Memorandum Opinion, al-Qahtani v. Trump, No. 05-cv-1971, 2020 WL 1079176, *1-2 (D.D.C. March 6, 2020).

## I. LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). A stay pending appeal is extraordinary relief that is only appropriate after consideration of the following four factors, which also govern preliminary injunctions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The movant "bears the burden of persuasion and must demonstrate, 'by a clear showing,' that the requested relief is warranted." *McGinn, Smith & Co., Inc. v. Fin. Indus. Regulatory Auth.*, 786 F. Supp. 2d 139, 144 (D.D.C. 2011) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).

While the four factors "have typically been evaluated on a sliding scale," *Davis v. Pension Benefit Guaranty Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (internal quotation marks and citation omitted), "'[i]t is particularly important for [the movant] to demonstrate a substantial likelihood of success on the merits.'" *McGinn*, 786 F. Supp. 2d at 144 (quoting *Barton v. Dist. of Columbia*, 131 F. Supp. 2d 236, 242 (D.D.C. 2001)); *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Sherley v. Sebelius*, 644 F.3d 388, 393 (D.C. Cir. 2011) ("[W]e read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'" (quoting *Davis*, 571 F.3d at 1296 (Kavanaugh, J., concurring))). Moreover, the movant must demonstrate an actual "likelihood" of success, not merely the existence of "questions so serious, substantial, difficult and doubtful, as to make them fair ground for litigation." *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (internal quotation marks and citation omitted).

## II.  ANALYSIS

### A.  Clarification of Order

Respondents ask the Court to clarify that the Order granting Mr. al-Qahtani's motion for a Mixed Medical Commission did not grant the additional specific relief of designating Dr. Emily Keram, Mr. al-Qahtani's retained medical expert, to the Mixed Medical Commission.  Mr. al-Qahtani agrees with Respondents' interpretation of the Court's Order and argues that no clarification is necessary because the Order clearly does not require that any specific individual be appointed to the Mixed Medical Commission.  Because the parties agree on the interpretation of the Court's Order and clarification will ensure the proceedings continue with the same understanding, the Court will clarify that the Order granted Mr. al-Qahtani's request for review by a Mixed Medical Commission and denied the specific relief of requiring that Dr. Keram be appointed a member of the Mixed Medical Commission.

### B.  Stay Pending Appeal

Respondents' arguments in support of their likelihood of success on the merits on appeal reprise many of the arguments made to Judge Collyer in opposition to Mr. al-Qahtani's motion for a Mixed Medical Commission, including their argument that the Court misapplied the Circuit's rulings in *Al Warafi I* and *II*.  *See Al Warafi v. Obama*, 716 F.3d 627 (D.C. Cir. 2013) (*Al Warafi II*); *Al Warafi v. Obama*, 409 F. App'x 360 (D.C. Cir. 2011) (*Al Warafi I*).  The Circuit held in *Al Warafi II* that Army Regulation 190-8, which creates the right to review by a Mixed Medical Commission, is domestic law which may be invoked by Guantanamo Bay detainees in habeas proceedings.  716 F.3d at 629.  Judge Collyer rejected Respondents' arguments to the contrary and found in favor of Mr. al-Qahtani.  This Court accepts Judge Collyer's reasoning and finds that Respondents have not demonstrated a likelihood of success on appeal.

The Court next considers the balance of harms. Mr. al-Qahtani's early life was plagued with health and mental health issues, including a head injury due to a car accident as a child which caused extreme behavioral dyscontrol and auditory hallucinations. He was diagnosed with schizophrenia, major depression, and a possible neurocognitive disorder due to the traumatic brain injury. Mr. al-Qahtani's mental health issues were evident to U.S. government officials when he was first detained at Guantanamo Bay and have been exacerbated by the torture he initially suffered at the hands of the U.S. government and the over 18 years he has spent in detention. Susan J. Crawford, the then-convening authority of the Department of Defense Military Commissions, determined in 2009 that Mr. al-Qahtani can never be tried by a military commission due to the torture he endured at the beginning of his detention. *See* Bob Woodward, *Detainee Tortured, Says U.S. Official*, The Washington Post (Jan. 14, 2009), https://www.humanrightsfirst.org/2009/01/14/detainee-tortured-says-u-s-official (last visited Aug. 10, 2020) (quoting Susan J. Crawford). According to Mr. al-Qahtani's CJA-appointed expert, Dr. Keram, his physical and mental condition has deteriorated significantly in the last few years and his health continues to decline. Dr. Keram also opines that the systematic torture of Mr. al-Qahtani left him unable to trust his military doctors and that Mr. al-Qahtani needs to be treated in Saudi Arabia by Saudi doctors and where his family lives, not where he was tortured. *See* Opp'n at 9-10. Further, the Saudi Ministry of Interior has indicated that Saudi Arabia would accept Mr. al-Qahtani if he is released from custody and place him in a facility where he will be able to receive the care he needs. *See* Letter from Mohammed A. Al-Muttairi (Aug. 16, 2015) [Dkt. 369-1]. Due to Mr. al-Qahtani's poor health and worsening condition, his repatriation would need to occur soon for him to be able to receive any benefit from the treatment offered by Saudi Arabia.

Compared to Mr. al-Qahtani's specific and serious health concerns, Respondents point to speculative domino effects should other detainees also seek review by a Mixed Medical Commission. About 40 individuals remain in Guantanamo Bay and they will only be eligible for Mixed Medical Commission review if they are actually ill and they complete the prerequisite procedural steps to request review, including obtaining a court order. Further, as Respondents explain, convening a Mixed Medical Commission will take time, and it is highly unlikely that Mr. al-Qahtani or any other detainees would be released before a decision by the Circuit on this appeal. On balance, the harm to Mr. al-Qahtani from further delay far outweighs any hypothetical harms to Respondents.

Respondents have failed to demonstrate either a likelihood of success on the merits or that the balance of harms weighs in their favor. Therefore, the motion to stay will be denied.

### III.  CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Respondents' Motion for Clarification and Stay Pending Appeal of the Court's March 6, 2020 Order [Dkt. 389] is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that the Court's March 6, 2020 Order does not require any specific individuals be named as members of the Mixed Medical Commission convened to evaluate Mr. al-Qahtani; and it is

**FURTHER ORDERED** that Respondents' request for a stay is **DENIED**.



ELLEN S. HUVELLE
United States District Judge

Date:  August 12, 2020