UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED AL-QAHTANI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1971 (PLF) |
| JOSEPH R. BIDEN, JR., et al., | ) ) ) | |
| Respondents. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

On March 8, 2022, the United States government notified the Court that it had relinquished custody of petitioner Mohammed Al-Qahtani from the United States Naval Base in Guantanamo Bay and transferred him to the custody and control of the Kingdom of Saudi Arabia. Notice of Transfer [Dkt. No. 429]. On March 25, 2022, in response to the Court's March 9, 2022 Minute Order, the parties filed separate status reports indicating their views of this case in light of this development. Respondents assert that the transfer of Mr. Al-Qahtani to the Kingdom of Saudi Arabia rendered any claims in this action moot and recommend that the Court therefore dismiss this case in its entirety as moot. See Respondents' Status Report Pursuant to Order of March 18, 2022 [Dkt. No. 433]. Mr. Al-Qahtani does not contest that recommendation but notes that the parties continue to dispute the designation of three unclassified documents as "protected information" under the Protective Order [Dkt. No. 62]. See Petitioner's Status Report [Dkt. No. 434] at 2. He effectively asks the Court to grant the parties additional time to meet and confer about the documents and, if necessary, to resolve the parties' dispute before dismissing the case as moot. See id. at 5.

Respondents' relinquishment of custody of Mr. Al-Qahtani to the Kingdom of Saudi Arabia rendered his case moot. See Gul v. Obama, 652 F.3d 12, 17 (D.C. Cir. 2011) (noting that for a former Guantanamo detainee "to keep his petition from becoming moot upon his release," he must "make an actual showing his prior detention or continued designation burdens him with 'concrete injuries'" (quoting Spencer v. Kemna, 523 U.S. 1, 14 (1998))); see also Qassim v. Bush, 466 F.3d 1073, 1078 (D.C. Cir. 2006) ("[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, [Section] 2 of the Constitution." (quoting Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004))). The Court therefore will dismiss Mr. Al-Qahtani's petition for a writ of habeas corpus as moot and will deny all remaining pending motions as moot.

To the extent Mr. Al-Qahtani asks to reserve his rights to seek adjudication of any "protected information" designation disputes and to submit to the privilege team materials and information associated with this case for classification review or for declassification, see Protective Order [Dkt. No. 62] ¶¶ 10, 19, 34, 47, the Court hereby recognizes that those rights are reserved. In addition, the Court recognizes respondents' right to oppose any such requests by Mr. Al-Qahtani on any applicable ground.

Accordingly, it is hereby

ORDERED that Mr. Al-Qahtani's petition for a writ of habeas corpus [Dkt. No. 1] is DISMISSED as moot. All remaining pending motions in this case are DENIED as moot. The Clerk of Court shall remove this case from the docket of this Court. This is a final appealable order. See FED. R. APP. P. 4(a); it is

FURTHER ORDERED that Mr. Al-Qahtani's rights to seek adjudication of any "protected information" designation disputes and to submit to the privilege team materials and information associated with this case for classification review or for declassification under the Protective Order [Dkt. No. 62] are RESERVED; and it is

FURTHER ORDERED that respondents' right to oppose any such requests by Mr. Al-Qahtani on any available ground is RESERVED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 29, 2022